# EXHIBIT C-6

Case 4:25-cv-03195   Document 1-9   Filed on 07/09/25 in TXSD   Page 2 of 8

7/9/2025 2:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102930994
By: Patricia Johnson
Filed: 7/9/2025 2:38 PM

CAUSE NO. 2025-44269

| | | |
|---|---|---|
| CHARLES MOSELY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RCF 2 ACQUISITION TRUST, | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION SELENE FINANCE | § | |
| LP AND CODILS & MOODY, P.C., | § | |
| | § | |
| Defendants. | § | 165TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT

  COME NOW, Defendants U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("Trustee") and Selene Finance LP ("Selene") (collectively, "Defendants") and file Defendants' Original Answer and Affirmative Defenses to 1) Plaintiff's Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction; 2) Plaintiff's Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction; and 3) Plaintiff's Second Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (collectively, the "Petition")[1] and respectfully show the Court as follows:

---

[1] Plaintiff's pro se filings are confusing, and it is unclear whether he intends each version of his petition to be operative or whether the amendments supersede prior versions. Defendants answer all versions of the petition out of an abundance of caution.

Page 1

# I.
# GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in the Petitions and demand strict proof thereof.

# II.
# AFFIRMATIVE DEFENSES

Defendants assert the following defenses:

1.  Plaintiff fails to state a claim upon which relief can be granted and Plaintiff's lawsuit should therefore be dismissed.

2.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and prove all conditions precedent to recovery.

3.  Plaintiff's claims are barred, in whole or in part, because Defendants' acts and/or omissions were not the cause of Plaintiff's damages, if any. Rather, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other third persons and/or entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

4.  Plaintiff's claims are barred, in whole or in part, by reason of Defendants' compliance with applicable statutes, codes, regulations, agency interpretation, rules, and other provisions of law.

5.  Plaintiff's claims are barred, in whole or in part, or any failure to perform is excused because of Plaintiff's first and prior material breach of one or more of the material obligations of the relevant agreement(s).

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff breached the terms of the Loan[2] by, among other things, failing to make payments as agreed and failing to tender or attempt to tender the amount due and owing to reinstate the Loan pursuant to the Deed of Trust.

7. Plaintiff's damages, if any, were caused or contributed to by Plaintiff's prior breach of contract.

8. Plaintiff's claims are barred, in whole or in part, by res judicata.

9. Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

10. Plaintiff's claims are barred, in whole or in part, by judicial estoppel.

11. Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

12. Plaintiff's claims are barred, in whole or in part, by unclean hands.

13. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, ratification, unclean hands, laches, abandonment, acquiescence, and/or other equitable doctrines.

14. Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

15. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

16. Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off, offset, and/or recoupment.

17. Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claims are barred, in whole or in part, and fail as a matter of law because Plaintiff did not send his purported qualified written requests to the exclusive address Selene designated to receive notices of error resolution, requests for information, and/or qualified written requests.

---

[2] The Fixed Rate Note and Deed of Trust, along with any modifications, amendments, and/or supplements thereto and all other documents and instruments executed in connection therewith relating to the subject property at issue in the Lawsuit, are collectively referred to herein as the "Loan."

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES – Page 3**

18. Defendants deny that any wrongful act or omission occurred, but Plaintiff's claims are barred, in whole or in part, because any purported wrongful act or omission alleged to have been committed by Defendants was a good faith result of a bona fide error.

19. Plaintiff's RESPA claims fail as a matter of law because Plaintiff did not suffer actual damages and no alleged breach of RESPA caused Plaintiff any actual damages.

20. Plaintiff's RESPA claims fail as a matter of law because there was no noncompliance with RESPA and no pattern or practice of noncompliance with the requirements of RESPA.

21. Plaintiff's RESPA claims are barred, in whole or in part, as to Trustee, because Trustee is not the mortgage servicer of the Loan.

22. Plaintiff's claims for violations of the Texas Property Code fail as a matter of law because there is no private right of action for such claims.

23. Plaintiff's claims are barred, in whole or in part, because his property was not sold, and thus, was not sold for a grossly inadequate sale price.

24. Plaintiff's claims are barred, in whole or in part, because there was no defect in any foreclosure sale.

25. Plaintiff's claims are barred, in whole or in part, because he has not lost possession of the property at issue in the litigation.

26. Plaintiff's claims are barred, in whole or in part, because there was foreclosure sale, and thus, no irregularity in the foreclosure sale.

27. Plaintiff's claims are barred, in whole or in part, because no foreclosure has occurred and there is no cause of action for attempted wrongful foreclosure under Texas law and Plaintiff has not lost possession of the property.

28. Plaintiff's claims are barred, in whole or in part, because there was no irregularity in any foreclosure sale that caused a grossly inadequate selling price of the property at issue.

29. Plaintiff's injunction relief remedies fail as a matter of law because they are dependent on a viable claim and all Plaintiff's underlying claims fail as a matter of law.

30. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

31. Plaintiff's claims are barred, in whole or in part, because they are preempted by the Fair Credit Reporting Act.

32. Plaintiff's alleged attorney fees are not recoverable because he is not represented by counsel.

33. Defendants reserve the right to plead such other defenses and/or affirmative defenses which may become apparent and applicable during the pendency of this lawsuit.

## III.
## PRAYER

WHEREFORE, Defendants pray that upon trial, Plaintiff takes nothing, that Defendants recover their costs, and for such other and further relief to which Defendants may be justly entitled, either in law or in equity.

Respectfully submitted,

/s/ Jason L. Sanders
_____
**Jason L. Sanders**
  Texas Bar No. 24037428
  jsanders@sanderscollins.com
  (214) 894-9981 Direct
  (214) 499-7709 Cell
**Matthew H. Davis**
  Texas Bar No. 24069580
  mdavis@sanderscollins.com
  (214) 894-9985 Direct
  (713) 471-6868 Cell
**Caroline E. Allen**
  Texas Bar No. 24121320
  callen@sanderscollins.com
  (214) 894-9982 Direct
  (575) 808-3206 Cell
SANDERS COLLINS PLLC
6301 Gaston Ave., Suite 1121
Dallas, Texas  75214
Main Telephone:  (214) 894-9980
Facsimile:  (214) 242-3004
www.sanderscollins.com

**COUNSEL FOR DEFENDANTS U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST AND SELENE FINANCE LP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff via U.S. Mail and Certified Mail, Return Receipt Requested, pursuant to the Texas Rules of Civil Procedure on this 9th day of July, 2025.

/s/ Jason L. Sanders
_____
Counsel for Defendants

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES – Page 6**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Regina Carrell on behalf of Jason Sanders
Bar No. 24037428
rcarrell@sanderscollins.com
Envelope ID: 102930994
Filing Code Description: Answer/ Response / Waiver
Filing Description: DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
Status as of 7/9/2025 4:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Caroline EAllen | | callen@sanderscollins.com | 7/9/2025 2:38:42 PM | SENT |
| Jason LeviSanders | | jsanders@sanderscollins.com | 7/9/2025 2:38:42 PM | SENT |
| Matthew HDavis | | mdavis@sanderscollins.com | 7/9/2025 2:38:42 PM | SENT |